UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREA LEHEUP,

                      Plaintiff,        **COMPLAINT** 

-against-

THE CITY OF NEW YORK,
POLICE OFFICER D. SAERTES,
POLICE OFFICER LAMACHI and
UNKNOWN POLICE OFFICERS,
sued herein in their capacity as individuals.

                                                  JURY TRIAL DEMANDED

                      Defendant(s).
------------------------------------------------------------X

The plaintiff, complaining of the defendants, by her attorney, FRED LICHTMACHER, of the Law Office of Fred Lichtmacher P.C., respectfully shows to this Court and alleges:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983, pursuant to the Supreme Court's ruling in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and pursuant to the laws of the State of New York.

3    Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4    Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

## PARTIES

5    That the plaintiff, ANDREA LE HEUP, an adult female, resides in Manhattan New York.

6    Upon information and belief, at all times hereinafter' mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

7    Upon information and belief, at all times hereinafter mentioned, the defendant, CITY OF

NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and at all times relevant defendants POLICE OFFICER D. SAERTES, POLICE OFFICER LAMACHI and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

8   The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

9   Upon information and belief, that at all times hereinafter mentioned, defendants UNIDENTIFIED POLICE OFFICERS were employed by the defendant, as members of its police department.

10   The plaintiff's claims are brought in a timely manner within three years of the date they accrued.

11   Upon information and belief, that at all times hereinafter mentioned, defendants POLICE OFFICER D. SAERTES, POLICE OFFICER LAMACHI and UNIDENTIFIED POLICE OFFICERS were employed by the NEW YORK CITY POLICE DEPARTMENT and that at all times relevant, said defendants were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment and NEW YORK CITY POLICE DEPARTMENT OFFICER D. SAERTES, POLICE OFFICER LAMACHI and UNIDENTIFIED POLICE OFFICERS are sued herein in their capacity as individuals.

12   This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the laws of the State of New York.

13     Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

14     On April 26th, 2012 at approximately 10.30p.m. plaintiff Andrea Le Heup joined friends at the 'Grey Dog Café' on 242W 16th Street in Manhattan New York.

15     As plaintiff arrived at the top of the line to place her order, the male behind the counter said he was going to call the police on her friend.

16     Plaintiff was sitting at a table closest to the door when 2-3 male police officers approached her table and told her to leave.

17     Defendant Saertes grabbed plaintiff by both arms and pulled her to her feet.

18     Saertes took plaintiff outside the restaurant and slammed her up against a wall.

19     Plaintiff was then thrown to the ground by officer Saertes, her face was held down and she was choked by the defendants.

20     Defendants placed handcuffs on plaintiff extremely tightly and refused to loosen them despite her repeatedly informing the defendants the overly tightened handcuffs were hurting her.

21     The defendants took plaintiff to East 16th Street out of sight of the restaurant shoving, pushing and pulling her.

22     Plaintiff begged the officers to loosen the handcuffs as she works with her hands, but they refused to do so.

23     An ambulance arrived at the scene and Saertes and a female EMT rode with the plaintiff in the ambulance to Bellevue Hospital.

24     Plaintiff was placed on a stretcher at the hospital and several defendant police officers sadistically strapped Plaintiff's arms and legs with restraints, using pressure so tight that it restricted her circulation and caused her pain including strapping plaintiff's left arm so tightly, her index finger turned blue.

25     One officer held her head down and another covered her mouth, interfering with her ability

to breath.

26  The officer covering plaintiff's mouth covered his badge to prevent plaintiff from seeing his name.

27  Plaintiff was wheeled into the emergency room begging to have the tight restraints loosened.

28  Plaintiff's finger turned blue and numb and she had pain in her arms.

29  Plaintiff was brought to the hospital by the defendants falsely alleging she was an emotionally disturbed person (EDP).

30  At Bellevue plaintiff was given a thumb splint for the injury the defendants inflicted on her.

31  The hospital examined plaintiff and released her.

32  To this day, plaintiff has diminished strength in her left hand which is her dominant hand.

33  Plaintiff was severely bruised on her arms and was in great pain for weeks after the incident.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT EXCESSIVE AND UNREASONABLE FORCE VIA THE APPLICATION OF OVERLY TIGHTENED HANDCUFFS

34  Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

35  The plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiff was intentionally, needlessly and maliciously subjected to excessive and unreasonable force via the overly tightened handcuffs by the defendants.

36  Defendants unnecessarily over tightened plaintiff's handcuffs.

37  Defendants ignored plaintiff's repeated complaints that they handcuffs were too tight.

38    Defendants ignored plaintiff's pleas for them to loosen her handcuffs.

39    Plaintiff was injured by the intentionally overly tightened handcuffs and she still suffers from the effects of the overly tightened handcuffs to the present day.

40    The officers who observed the violation of plaintiff's rights due to the overly tightened handcuffs and who failed to intervene are liable to the plaintiff by their failure to act pursuant to their affirmative duty to intervene to prevent the violation of plaintiff's rights from commencing and continuing when they had the opportunity to do so.

41    As a result of the defendants' actions plaintiff was injured, she suffered great pain and her injury persisted for several months and to this day limits her ability to fully use her hand.

42    That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial and she is entitled to an award of punitive damages as well as attorneys' fees pursuant to 42 U.S.C. § 1988.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF's RIGHTS PURSUANT TO
### 42 U.S.C. § 1983, THE FOURTH AMENDMENT
### via FALSE ARREST

43    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

44    That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was subject to being falsely arrested by the defendants.

45    That the defendants confined plaintiff, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff was conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

46    As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution

being more particularly plaintiff's right to be free from arrest without probable cause.

47    The said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes or that she was an EDP.

48    The various defendants who knew of the false arrest and allowed the illegal detention of the plaintiff to continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene.

49    By reason of the unlawful false arrest, the plaintiff was subjected to great indignities, humiliation, anxiety, she was prevented from conducting her normal affairs of business and she was subjected to numerous other harms.

50    The defendants who are supervisors within the NYPD who knew of the false arrest and continued to allow and/or participate and/or cause the arrest of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation failed to remedy the wrong are liable to the plaintiff for the violation of her rights pursuant to the Fourth Amendment and via the principle of supervisor liability.

51    That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial and she is entitled to an award of punitive damages as well as attorneys' fees pursuant to 42 U.S.C. § 1988.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS BY THE CITY OF NEW YORK, i.e., MONELL CLAIM

52    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

53    The plaintiffs' rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the

defendant, NYC.

54   Defendants NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of officers applying overly tightened handcuffs to arrestees and that there has been no attempts to enact policies preventing NYC police officers from violating arrestees' rights in this manner.

55   There is no policy in place and there has been no training by the NYPD regarding loosening overly tightened handcuffs on arrestees, even when they complain about being in pain.

56   Defendant NYC's deliberate indifference to the aforementioned practices of the NYPD caused plaintiff's physical injuries.

57   As a result of the defendant NYC's policies plaintiff was injured and that her injury persisted for several months limiting her ability to fully use her hand.

58   That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial and she is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, plaintiff is entitled to compensatory damages in amounts to be determined at trial on all causes of action, she is entitled to awards of punitive damages on her First and Second causes of action, as well as for costs of this action

Dated: December 3, 2012
      New York, New York

                                FRED LICHTMACHER (FL-5341)
                                The Law Office of Fred Lichtmacher P.C.
                                Attorney for Plaintiff
                                The Empire State Building
                                350 5th Avenue Suite 7116
                                New York, New York 10118
                                (212) 922-9066

To:   Michael Cardozo
        NYC Corporation Counsel
        100 Church Street
        New York, New York 10007